UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES YOUNG, | Case No. 1:07cv1797 |
| Plaintiff, | JUDGE KATHLEEN O'MALLEY |
| v. | |
| COMMUNITY ASSESSMENT & TREATMENT SERVICES, INC., *et al.*, | **OPINION & ORDER** |
| Defendants. | |

On May 14, 2007, Plaintiff James Young ("Young" or "Plaintiff") initiated this action in state court against Defendants Community Assessment & Treatment Services, Inc., Roxanne Wallace, Daniel Cratcha, and Tim Tress (collectively, "Defendants"). The Defendants removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (Doc. 1). Presently pending before the Court is Young's *Motion for Remand* (Doc. 5), to which the Defendants filed a memorandum in opposition (Doc. 8). Also pending is *Defendants' Supplement to their Notice of Removal* (Doc. 7) and Young's *Motion to Strike Supplement and Reply to Memorandum in Opposition* (Doc. 9). For the reasons articulated below, the Court **DENIES** Young's motion for remand and **DENIES** Young's motion to strike the Defendants' supplement to their notice of removal.

**I.    BACKGROUND**

Young filed this action in the Court of Common Pleas of Cuyahoga County, Ohio, on May 14, 2007 (Case No. CV-07-624334). Young's complaint alleges that the Defendants terminated his

employment in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* ("FMLA").  The respective Defendants are Young's former employer and the employer's executive director, associate director, and human resource manager.  Young's prayer for relief seeks damages for lost income and benefits in excess of $25,000, as well as costs and attorney's fees.

The Defendants filed a notice of removal on June 18, 2007, which states that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331, in that the "Plaintiff's Complaint alleges a violation of the laws of the United States, namely the FMLA."  (Doc. 1, at p. 2). Young filed a motion for remand on June 21, 2007, in which he argues that the Defendants' notice of removal is procedurally defective, because they did not file their removal notice in compliance with 28 U.S.C. § 1446(a).  Specifically, the Defendants failed to attach copies of the summonses served upon each Defendant.

On June 25, 2007, the Defendants filed a memorandum in opposition to Plaintiff's motion for remand (Doc. 8), and a supplement to their notice of removal, to which they attached the previously omitted summonses (Doc. 7).  The Defendants argue that their failure to submit the four summonses with their notice of removal is a remediable omission that has not prejudiced the Plaintiff.

**II.    PLAINTIFF'S MOTION FOR REMAND**

A civil action is removable if a plaintiff originally could have brought the action in federal court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court must file:

> a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a *copy of all process, pleadings, and orders served upon such*

*defendant or defendants in such action.*

(Emphasis added). Young contends that the Defendants' failure to include a copy of the summonses with their notice of removal is a procedural defect which is fatal to removal. The Defendants do not dispute that they failed to follow the required procedure by failing to attach a copy of the summons to their notice of removal, but they argue that their failure to attach the summonses is remediable. In fact, the Defendants claim they have already remedied the omission by attaching the four summonses to their supplement. Plaintiff argues, however, that the Defendants cannot remedy the omission because the thirty-day time period for filing the notice of removal has expired.[1] The pivotal issue is whether this Court must remand the case due to the Defendants' failure to attach the summonses, or whether accepting the Defendants' supplement notwithstanding the expiration of the thirty-day removal period is within the discretion of this Court.

The Sixth Circuit has not addressed this issue directly, and there is a split of authority with regard to whether a timely objection to a mere procedural defect in filing for removal *requires* remand under 28 U.S.C. § 1447(c). See Gilfert v. Liberty Mut. Ins. Co., No. 305CV527S, 2006 WL 288628 (W.D. Ky. Feb. 2 2006) (noting that the Sixth Circuit has not addressed this issue); see also Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1215-17 (D. Kan. 2005) (discussing the split of authority).

The majority approach holds that the district court is not *required* to grant a motion to

---

[1] The Defendants received service of summons on May 21, 2007. Under 28 U.S.C. § 1446(a), the Defendants had thirty days from the date of service within which to file their notice of removal. The Defendants timely filed their notice of removal on June 18, 2007, but did not file their supplement to the notice of removal containing the required summonses until June 26, 2007. Thus, the Defendants' filed their "supplement" after the thirty-day period had expired.

remand for failure to file the state court papers listed in § 1446(a). See, e.g., Yellow Transp., 406 F. Supp. 2d at 1219.² Under this approach, failure to file State court documents is a procedural defect that the district court may permit the removing party to remedy. See 29A Federal Procedure, Lawyers Ed. (West 1998) § 69.75; 14c Wright, C. Miller, A. & Cooper, E., Fed. Practice & Proc. § 3733. The majority approach is premised on reading § 1447(c) as creating two distinct bases for remand, one permissive and the other mandatory. Specifically, § 1447(c) treats jurisdictional and procedural defects differently. Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded.

Proponents of the majority approach argue that, under the statute, failure to submit all state court

---

² Despite the split of authority on this issue, commentators characterize allowing the district court the discretion to grant or deny a motion to remand based on a purely procedural defect as the majority view. See Yellow Transp., 406 F. Supp. 2d at 1215 (citing 14c Wright, C. Miller, A. & Cooper, E., Fed. Practice & Proc. § 3733). Although much of the case law on this issue precedes the 1988 amendment to the removal statutes or relies on cases decided prior to 1988, there is a significant body of authority for the proposition that a district court is not required to remand on the basis of a procedural defect. See e.g., Gafford v. General Electric Co., 997 F.2d 150 (6th Cir. 1993); Gilfert, 2006 WL 288628 (W.D. Ky. 2006); Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 931 (5th Cir. 1958), cert. denied, 357 U.S. 921 (1958) (finding omissions to the record "merely modal and formal and . . . completely without effect upon the removal, if the case is in its nature removable"); Dri Mark Prods., Inc. v. Meyercord Co., 194 F.Supp. 536 (S.D.N.Y. 1961) (stating "[o]missions which are merely formal or modal do not affect the right to remove and such technical defects may be subsequently remedied."); Stephens v. State Farm Fire & Cas. Co., 149 Fed. Appx. 908, 910 (11th Cir. 2005); Riehl v. National Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir. 1967) (permitting an inadvertently omitted document to defeat the district court's jurisdiction, "would be to elevate form over substance."); Efford v. Milam, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005); Woodall v. Ins. Co. of N. Am., 582 F. Supp. 241, 248 (N.D. Ga. 1984).

documents does not mandate remand:

> Significantly, the second sentence of § 1447(c) states that the district court "shall" remand the case for lack of subject matter jurisdiction. The district court has no discretion in this respect. Notably absent from the first sentence of the statute, however, is any indication of the extent to which the court must or should remand the case based on non-jurisdictional defects.

Yellow Transp., 406 F. Supp. 2d at 1218. Because jurisdictional defects go to the heart of the district court's authority, the statute does not allow the district court to exercise its discretion with respect to jurisdictional issues. Procedural defects such as failure to attach a summons, on the other hand, are not central to the district court's authority. The statute recognizes the distinction between jurisdictional and procedural defects by providing the district court with discretionary authority to retain jurisdiction only when faced with a procedural defect in filing the notice of removal. Id. at 1217-19.

The second line of authority, representing the minority approach, adheres closely to the principle that removal statutes are construed against the removing party. See Kisor v. Collins, 338 F.Supp. 2d 1279, 1281 (N.D. Ala. 2004); Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am., No. 05-444, 2005 WL 1653629, * 4 (D. Or. 6, 2005); Curry v. Royal Palm Sav. Ass'n, 713 F. Supp. 388, 389 (S.D. Fla. 1989). With this principle in mind, a minority of courts have held that the federal district court does not have the discretion to deviate from the § 1446(a) requirement that the removing party file the state court summons along with the notice of removal. Id. Like the majority approach, the minority view's reasoning hinges on its interpretation of the first sentence of § 1447(c). Proponents of the minority approach argue that the statute distinguishes between jurisdictional and procedural defects by prohibiting waiver of subject-matter jurisdiction and permitting waiver of procedural defects by failure to object within 30 days of

5

removal. Id. Under this interpretation, a "procedural defect . . . is waived *only* if not made the subject of a motion to remand within thirty (30) days after the notice of removal[.]" Kisor, 338 F.Supp.2d at 1281 (emphasis added). Because Congress expressly included a 30 day window for motions to remand based on a procedural defect, proponents of the minority approach argue that Congress did not intend to give district courts the discretion to ignore a procedural defect raised in timely motion to remand. Id.

The Defendants, in opposing Young's *Motion to Remand*, cite Yellow Transp. and argue under the majority approach. Young, in his *Motion to Remand*, generally subscribes to the minority approach, emphasizing the principle that the removal statutes should be strictly construed.[3] Both approaches present a plausible reading of the applicable statutory language, *i.e.*, the first sentence of § 1447(c). As noted in Yellow Transp., however, both the plain language of § 1447(c) and the legislative history to the 1988 amendment of § 1447(c) favor the first approach, which allows the district court to exercise some discretion when faced with a motion to remand based on a procedural defect. Yellow Transp., 406 F.Supp.2d at 1218.

First, while the second sentence of § 1447(c) uses the word "shall" to *mandate* remand for

---

[3] Young's *Motion for Remand* (Doc. 5), and *Motion to Strike Supplement and Reply to Memorandum in Opposition* (Doc. 9), do not present the detailed statutory interpretation argument identified above as the minority approach. Instead, Young presents a general argument, with case citations, that removal statutes should be strictly construed in favor of remand consistent with federal courts' limited jurisdiction. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002); Brierly v. Alusuisse Flexible Packaging, 184 F.3d 527 (6th Cir. 1999); Fajen v. Found. Reserve Ins. Co., 683 F.2d 331 (10th Cir. 1982). Although this general principle of law is well-established, the Court's analysis must focus on authority discussing the specific issue in this case: whether the district court is *required* to grant a timely motion to remand when the removing party fails to timely file the state court summons.

lack of subject matter jurisdiction, Congress did not use the word "shall" in the first sentence of the statute addressing procedural defects. In fact, the first sentence is not addressed to the district court, but to the non-removing party. With this in mind, the plain language of the statute does not *mandate* remand based on a procedural defect. Similarly, Young's waiver argument is based on a logical fallacy; although the statute does establish that a party who fails to object to a procedural defect within thirty days of removal waives the defect, it does not necessarily follow that timely objection to the defect *mandates* remand.

Second, interpreting the first sentence of § 1447(c) as permitting the district court to retain jurisdiction does not deprive it of all meaning. Instead, the purpose of the sentence is to establish a deadline for objections to defects in the removal procedure. After thirty days, the non-removing party may not object to a procedural defect. In contrast, the second sentence indicates that there is no time limit on an objection based on subject matter jurisdiction.

The majority view's reading of § 1447(c) is fully supported by the legislative history to the 1988 amendments to the statute. See H.R. Rep. No. 100-889, at 72 (1988) as reprinted in 1988 U.S.C.C.A.N. 5982, 6031-33. Congress listed "simplify[ing] the 'pleading' requirements for removal" as one of the general purposes of amending the removal procedure statute. Id. at 6031. With respect to the amendment of § 1447(c) specifically, the legislative history states:

> So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn. The amendment provides a period of 30 days within which remand must be sought on any ground other than lack of subject matter jurisdiction. The amendment is written in terms of a defect in 'removal procedure' in order to avoid any implication that remand is

7

> unavailable after disposition of all federal questions leaves only State law questions that might be decided as a matter of ancillary or pendent jurisdiction or that instead might be remanded.

Id. at 6033. In other words, the purpose of the amended § 1447(c) is to establish a limited time period in which a party may object to a defect in removal *procedure* without suggesting that there are any time limitations on remand for lack of subject matter jurisdiction. Nothing in this legislative history suggests that Congress intended to *require* the district court to grant *all* motions to remand on the basis of a procedural defect that are filed within the thirty day window. The legislative history states that remand on the basis of a procedural defect must be "*sought*" within 30 days; it does not say that a timely motion to remand on the basis of a procedural defect must be granted.

Case law supports the majority approach as well. For example, in a case relying on authority prior to the 1988 amendment of the removal statute, the U.S. District Court for the Western District of Kentucky recognized that the Sixth Circuit had not addressed the issue, but reasoned that the Sixth Circuit "has very clearly followed the trend generally toward relaxation of the former rule requiring strict adherence so as to 'implement the spirit of the statute and rules' where 'the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.'" Gilfert, 2006 WL 288628, at *1 (quoting Gafford v. General Electric Co., 997 F.2d 150, 164 (6th Cir. 1993) (other citations omitted)). In Gilfert, a case factually analogous to the matter at hand, the plaintiff argued that the defendant's failure to include a copy of the summons with the notice of removal was a procedural defect that mandated remand. Due to the lack of Sixth Circuit precedent on the issue, the Gilfert court also cited Covington, 251 F.2d 930 (5th Cir. 1958), cert. denied, 357 U.S. 921 (1958), and Dri Mark Products, Inc, 194 F.Supp. 536 (S.D.N.Y. 1961), both of which were decided prior to the 1988 amendments to the removal statutes. Ultimately, the Gilfert court held:

8

> We conclude that the Sixth Circuit would conclude that an omission to file a copy of a summons would be treated as a remediable procedural defect with no impact upon the jurisdiction of the court where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court. We find that in attempting to implement the spirit of the statute and rules, the court would follow the lead of the 5th Circuit in holding that inadvertent omission[s] from the record are merely modal and formal, and are completely without effect upon removal, if the case is in its nature removable.

2006 WL 288628, at *3 (internal citations omitted).

The Yellow Transp., 406 F. Supp. 2d 1213, opinion provides a thorough and well-reasoned analysis of this issue in light of the 1988 amendments to the removal statute. The facts in Yellow Transp. are also closely analogous to the case at hand–the defendant failed to attach the summons to the notice of removal. Faced with the same scenario before this Court, the U.S. District Court for Kansas declined to remand the case, reasoning that Congress did not mandate remand on basis of failure to attach the State court summons because of the statutory distinction between procedural and jurisdictional defects apparent in § 1447(c). The court found that:

> The failure was inadvertent and trivial. In and of itself, the failure did not unduly burden the court or reflect the complete failure to follow the removal procedure that typically leads to remand orders where the motion is made outside the thirty-day window or where all defendants do not join. Important, also, is the fact that plaintiff has suffered absolutely no prejudice whatsoever from the defect and this defect can be promptly and easily remedied by allowing defendant to file its proposed amended notice of removal.

Id. at 1219. Likewise, the Defendants' failure to attach the State court summonses in this case was a trivial omission that has not unduly burdened the court or prejudiced Young. In fact, the State court record is now complete in light of the Defendants' filing a supplement to the notice of removal containing the missing summonses. (Doc. 7.)

While it is true that there are limits to a district court's authority to waive defects in filing the

9

notice of removal, even when the defects may be characterized as 'technical' or 'procedural,' those limitations do not apply in this context. The court in Yellow Transp., as well as courts within the Sixth Circuit, acknowledge that certain arguably 'procedural' defects in filing a notice of removal are *not* waivable. See, e.g., Yellow Transp., 406 F. Supp. 2d at 1217; Hicks v. Emery Worldwide, Inc., 254 F. Supp. 2d 968, 977-98 (S.D. Ohio 2003). For example, a district court cannot waive the requirement of unanimity–that all defendants consent to removal within thirty days–because that requirement is ultimately jurisdictional. Yellow Transp., 406 F. Supp. 2d at 1217. In assessing whether a procedural defect may be cured, the Court must assess whether the defect affects its own authority to hear the removed action. Where it does, the defect is fatal and mandates remand; where it does not, the Court may authorize its cure.

In Hicks, the Southern District of Ohio considered this distinction when addressing whether remand was required because one defendant did not consent to removal until after the thirty day removal period had expired. Hicks, 254 F. Supp. 2d at 975-78. Quoting the Sixth Circuit's opinion in Gafford v. General Elec., 997 F.2d at 164, the Southern District noted that the "principles of modern pleading" require the court to analyze defects in removal procedures "in the same manner as . . . any other pleading." Hicks, 254 F. Supp. 2d at 976. The court found that a defendant should be permitted to cure a defect in the notice of removal "where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court." Id. The court discussed Jordan v. Murphy, 111 F. Supp. 2d 1151 (N.D. Ohio 2000), a case in which the district court held that remand was *not* required when the notice of removal expressly *stated* that all defendants consented to removal, but one defendant did not *sign* the notice of removal until after the 30 day removal period expired. Hicks, 254 F. Supp. 2d at 977; see also Roberts v. Glens Falls Ins.

10

Co., 415 F. Supp. 2d 779 (N.D. Ohio 2006) (retaining jurisdiction when notice of removal stated that all defendants consented, but one defendant did not consent *in writing* until after the removal period expired).  The Hicks court distinguished Jordan from the case before it, where one of the defendants did not actually consent until after the time period for removal had expired.  Under such circumstances, the court found that it did not have actual and timely notice of unanimity and that the defect, accordingly, was not curable by subsequent, untimely consent.  Id. at 977-78.

Applying these principles here, it is clear that the procedural irregularity which the Plaintiff points to is not one which impacts the Court's authority to exercise jurisdiction over this matter.  It is instead, one of those technical defects that is amenable to being cured.

After reviewing the available precedent, the Court applies the well-reasoned approach of the Yellow Transp. court, *supra.*, and holds that the Defendants' failure to attach the required summonses to its notice of removal does not mandate remand under the circumstances and that it is both appropriate and fair to allow that failure to be cured by the Defendants' supplemental filing.  Young's *Motion for Remand* is hereby **DENIED**.

### III.     PLAINTIFF'S MOTION TO STRIKE SUPPLEMENT

In response to the Defendants' supplement to their notice of removal, the Plaintiff has moved under Fed. R. Civ. P. 12(f) to strike the supplement itself and the four summonses the Defendants had previously failed to include with their notice of removal.  The Plaintiffs assert several bases for this motion, including that the Defendants filed the supplement without leave of Court, and that the removal statute does not authorize the Defendants to file a supplement.  In support of its motion, the Plaintiff cites to Mielke v. Allstate Ins. Co., 472 F. Supp. 851 (E.D. Mich. 1979), in which the district court granted the plaintiff's motion to remand based on the "defendant's laxity in taking steps

11

for removal within the time required by the statutes." Id. at 853. Mielke, however, does not address the issue at hand--whether a motion to strike a supplement to the notice of removal should be granted. Instead, the court in Mielke analyzed whether remand is appropriate for failure to timely file the notice of removal itself within thirty days of receiving the original complaint. Id.

This Court views a motion to strike as "a drastic remedy that should be used sparingly and only when the purposes of justice require." Beckett v. Ford, Slip Copy, No. 3:06 cv 1319, 2007 WL 2891122, *17 (N.D. Ohio Sept. 28, 2007) (omitting citations). While some courts have employed Rule 12(f) to strike filings that are not pleadings, McLaughlin v. Copeland, 435 F. Supp. 513 (D.C. Md. 1977), there is no basis in the Federal Rules for doing so. In fact, a decision in this district, affirmed by the Sixth Circuit Court of Appeals, refused to employ Rule 12(f) to strike an affidavit because "the rule relates only to pleadings and is inapplicable to other filings." Dawson v. City of Kent, 682 F. Supp. 920 (N.D. Ohio 1988), affirmed, 865 F.2d 257 (6th Cir. 1988). Likewise, here, the Defendants' supplement is not a pleading, and therefore Rule 12(f) is inapplicable.

There is no basis for striking the Defendants' supplement. The supplement augments the record in this case and it is ultimately up to the finder of fact to determine its value. See Driving School Ass'n of Ohio v. Shipley, Slip Copy, No. 1:92-CV-00083, 2006 WL 2667017, *1 (N.D. Ohio Sept. 15, 2006). Accordingly, the Court rejects the Plaintiff's contention that the Court cannot consider the Defendants' supplement to their notice of removal in deciding whether the procedural defect in the notice of removal has been remedied. Young's *Motion to Strike* is **DENIED**.

IV.     **CONCLUSION**

For the reasons set forth herein, the Plaintiff's *Motion for Remand* (Doc. 5) is **DENIED**. In addition, the Plaintiff's *Motion to Strike Supplement* (Doc. 9) is **DENIED**. Further, the Court

12

incorporates the Defendants' supplement, and the attached summonses, into the record and finds that the Defendants' notice of removal is properly amended.

**IT IS SO ORDERED.**

                                            <u>**s/Kathleen M. O'Malley**</u>
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: November 6, 2007**